FILED

2015 FEB 19 PM 3:50

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

June 2014 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>TIMOTHY JOEL,<br><br>                    Defendant. | Case No.  __15 CR 0430 GPC__<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 1503 –<br>Obstruction of Justice; Title 18,<br>U.S.C., Sec. 1512(b)(2)(C)<br>and (D) – Witness Tampering;<br>Title 18, U.S.C., Sec. 1001 – False<br>Statement to a Federal Officer |

The grand jury charges:

Introductory Allegations

At all times relevant to this indictment:

1.   Defendant TIMOTHY JOEL ("JOEL") has been employed, since 1996, as a Special Agent with the Federal Bureau of Investigation ("FBI").

2.   On or about May 24, 2007, JOEL conducted an interview at the Otay Mesa Port of Entry with an individual with the initials "YK," who was arrested after she attempted to enter the United States using a fraudulent immigration document. At the port of entry, JOEL learned that YK was a Korean national, who was being smuggled into the United States to work as a prostitute.

DEZ:nlv:San Diego
2/18/15

3.   After the interview, JOEL applied for and received a "significant benefit parole" that allowed YK to remain in the United States legally for six months, in order to cooperate with the FBI.

4.   On December 27, 2007, JOEL submitted a request to extend YK's parole.   When that request was denied, on January 4, 2008, JOEL submitted a second request which stated that YK was a "leading material witness" in an alien smuggling investigation.   Parole was granted to YK for an additional year, and was to expire in early 2009.

5.   Between 2009 and 2013 – including after YK's immigration status had expired – JOEL provided YK with regular cash payments from his personal bank account totaling nearly $20,000.   JOEL also contacted YK by telephone, multiple times per week, from 2009 through 2011.   In 2012, JOEL moved into an apartment with YK in Los Angeles, California.

6.   In 2013, the Office of the Inspector General ("OIG") for the United States Department of Justice was conducting a criminal investigation into JOEL's actions, and a federal grand jury in the Southern District of California was investigating JOEL's conduct regarding YK.   On January 15, 2013, and again on February 28, 2014, OIG agents interviewed JOEL in Los Angeles, California; each time, JOEL made false statements to OIG about his contacts with YK.   From time to time in 2013, JOEL lived with YK in different apartment buildings.

7.   On September 5, 2013, agents served YK with a subpoena to testify before the grand jury in San Diego.   On September 19, 2013, YK appeared before the grand jury, and at the conclusion of the afternoon, was re-subpoenaed to testify again.   On September 25, 2013,

2

1  while still under subpoena, YK fled the United States and travelled to
2  Korea.

3                              Count 1

4                      (Obstruction of Justice)

5      8.  The grand jury realleges and incorporates by reference
6  paragraphs 1 through 7 of the Introductory Allegations.

7      9.  Beginning on a date unknown to the grand jury, and
8  continuing through September 25, 2013, defendant TIMOTHY JOEL did
9  corruptly influence, obstruct and impede, and corruptly endeavor to
10 influence, obstruct and impede, the due administration of justice in a
11 federal grand jury proceeding in the Southern District of California,
12 by:

13          a.  knowingly making false and misleading statements to
14              federal agents with the Department of Homeland Security,
15              in San Diego, California, regarding his knowledge of YK's
16              phone number, address, and whereabouts, and regarding his
17              most recent contact with YK;

18          b.  warning  YK that federal agents were planning to serve her
19              with a grand jury subpoena, thereby attempting to
20              interfere with the service of process on YK;

21          c.  encouraging and inducing YK to leave the United States, in
22              order to avoid service of a grand jury subpoena and
23              prevent her from testifying before the grand jury; and

24          d.  after YK had been served with a subpoena, encouraging and
25              providing financial support for her to leave the United
26              States.

27 All in violation of Title 18, United States Code, Section 1503.
28 //

                              3

<u>Count 2</u>

(Witness Tampering)

10. The grand jury realleges and incorporates by reference paragraphs 1 through 7 of the Introductory Allegations.

11. Beginning on a date unknown to the grand jury and continuing through September 5, 2013, defendant TIMOTHY JOEL did knowingly attempt to corruptly persuade YK to leave the United States, with the intent to cause YK to evade legal process summoning her to appear as a witness in an official proceeding, to wit, a federal grand jury proceeding in the Southern District of California.

All in violation of Title 18, United States Code, Section 1512(b)(2)(C).

<u>Count 3</u>

(Witness Tampering)

12. The grand jury realleges and incorporates by reference paragraphs 1 through 7 of the Introductory Allegations.

13. Beginning on or about September 5, 2013, and continuing through September 25, 2013, defendant TIMOTHY JOEL did knowingly attempt to corruptly persuade YK to leave the United States, with the intent to cause YK to be absent from an official proceeding, to wit a federal grand jury proceeding in the Southern District of California, to which YK had been summoned by legal process.

All in violation of Title 18, United States Code, Section 1512(b)(2)(D).

//
//
//
//

4

## Count 4

### (False Statement)

14. The grand jury realleges and incorporates by reference paragraphs 1 through 7 of the Introductory Allegations.

15. On or about September 5, 2013, within the Southern District of California, defendant TIMOTHY JOEL willfully and knowingly made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States by telling a federal agent that:  (a) JOEL did not have an address for YK, when in fact he did know her address and whereabouts, and she was physically present at JOEL's apartment at the time; (b) JOEL had only an "old" telephone number for YK, when in fact he had her current telephone number and had communicated with her at that number numerous times in the recent past; and (c) JOEL last had contact with her the previous week, when in fact he had contact with her more recently and she was present in his apartment when he left for work that morning; all in violation of Title 18, United States Code, Section 1001.

DATED: February 19, 2015.

A TRUE BILL:

Foreperson

LAURA E. DUFFY
United States Attorney

By:
DANIEL E. ZIPP
Assistant U.S. Attorney

5